# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

GERHARD WITTE,
          Plaintiff,

          v.                                        Case No. 14-CV-1044

GARY HAMBLIN,
SCOTT WALKER,
J.B. VAN HOLLEN, and
DAVID E. CLARK,
          Defendants,

## DECISION AND ORDER

Plaintiff, Gerhard Witte, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights are being violated with regard to the medical care he is receiving as a state prisoner being housed at the Federal Correctional Complex in Tucson, Arizona, pursuant to a Wisconsin Department of Corrections contract. This matter comes before me on several motions filed by plaintiff and for screening of plaintiff's complaint.

Plaintiff has paid the full filing fee. Accordingly, I will deny as moot his motion for leave to proceed in forma pauperis.

Regardless of the plaintiff's fee status, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer

v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v.

Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89,

94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In his sworn complaint, plaintiff names former Wisconsin Department of Corrections

Secretary Gary Hamblin, Wisconsin Governor Scott Walker, former Wisconsin Attorney

General J. B. Van Hollen, and Milwaukee County Sheriff David E. Clarke, Jr. He first

makes conditions of confinement and access to the courts claims regarding his three years

on suicide watch at the Milwaukee County Jail; these claims are directed at Clarke.[1]

Plaintiff also states that he made the state defendants aware of the conditions by letter, but

they did not take action. Second, plaintiff submits that Hamblin transferred plaintiff to

correctional facilities outside of Wisconsin and, as a result, plaintiff was unable to appeal

his criminal conviction. Plaintiff also alleges the state defendants were deliberately

indifferent to complaints he has about the medical care he is receiving in a federal prison

in Arizona. Plaintiff argues that the state defendants must ensure that plaintiff receives the

same level of treatment as similarly situated inmates housed at Wisconsin Department of

Corrections institutions.

Based on my reading of the complaint, it appears that plaintiff is attempting to

improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit

---

[1] Plaintiff is proceeding in a separate action in the District of Arizona under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), regarding the medical care he is receiving at the United States Penitentiary in Tucson. See Witte v. Longfellow, No. 4:14-cv-02600-RM-PSOT (D. Az.).

Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the court in George reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

I find that plaintiff's complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants regarding two separate periods of incarceration. Plaintiff's complaints that arise from his time as a pretrial detainee at the Milwaukee County Jail are separate from his complaints that arise from his out-of-state placement. The George court instructed that such "buckshot complaints" should be "rejected." Id. Therefore, I will strike the original complaint submitted on August 25, 2014.

Generally, I would allow plaintiff to file an amended complaint incorporating only properly related claims, and plaintiff would have to file a separate complaint regarding any unrelated claim. However, my substantive review of plaintiff's claims reveals that he may only proceed on claims related to his pretrial detention at the Milwaukee County Jail.

Plaintiff's allegations regarding his time at the Milwaukee County Jail implicate his constitutional rights. However, he needs to amend his complaint to provide additional details regarding his claim. He currently names Clarke, but makes no allegations of personal involvement by Clarke. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

Further, "[a] municipality may be liable for harm to persons incarcerated under its authority if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners. Municipal liability under § 1983 is appropriate only when the policy in question is the direct cause or moving force behind a constitutional violation." Hunter v. Amin, 583 F.3d 486 (7th Cir. 2009) (internal citations and quotations omitted). If plaintiff wishes to proceed on a policy or custom claim, he should expressly state that claim and name Milwaukee County as a defendant.

Finally, plaintiff attempts to include the state defendants in this claim by alleging that he mailed them letters complaining of the conditions, but they failed to action.

> But chief administrators are ordinarily not personally liable for decisions made by subordinates, even if they receive a letter complaining about those decisions and do not intervene. See Burks v. Raemisch, 555 F.3d 592, 595–96 (7th Cir.2009). There can be an exception if the superior, by not acting, creates or increases some peril, see id. at 596, but [plaintiff] alleges the opposite: the cross-sex monitoring never changed. So the sheriff is personally dismissed. See Palmer v. Marion County, 327 F.3d 588, 593–94 (7th Cir.2003).

Courtney v. Devore, No. 13-1984, 2014 WL 7003784, at *2 (7th Cir. Dec. 12, 2014). In this case, the state defendants were not even supervisors and had no formal relationship with the Milwaukee County Jail. Plaintiff cannot create a constitutional claim simply by sending a letter to an official.

I will give plaintiff an opportunity to amend his complaint to restate his claims regarding conditions of confinement and access to the courts while he was a pretrial detainee at the Milwaukee County Jail. I will direct the Clerk of Court to provide plaintiff with a copy of this court's form § 1983 complaint for him to use.

Plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this action, and I will screen it in accordance with 28 U.S.C. § 1915A. Failure to file an amended complaint will result in dismissal of this action.

I will now turn to plaintiff's claims against the state defendants, none of which survive screening. Each of these claims is based on plaintiff's transfer to correctional

facilities outside of Wisconsin. I note that it appears plaintiff's placement out of state was for his own safety. In an order dismissing a petition for writ of habeas corpus plaintiff filed in the District of Arizona, the court noted that plaintiff worked for five years as a medical doctor for the Wisconsin Department of Corrections in its Health Services Unit at the Racine Correctional Institution. See Witte v. Winn, No. 14-2262-TUC-DCB (CRP) (D. Az. Jan. 28, 2015). This undermines any implication that his transfer was for nefarious reasons.

First, plaintiff suggests that Hamblin's transfer of plaintiff to a correctional facility out of state resulted in plaintiff not being able to appeal his criminal conviction. As part of his request for relief, plaintiff asks this court to reinstate his appeal rights. That is not relief that this court can grant in a § 1983 action.

The heart of this claim is that the facilities plaintiff was sent to did not provide the tools necessary for plaintiff to attack his conviction either directly or collaterally. It is attenuated to suggest that the transfer led directly to plaintiff's inability to challenge his conviction. Any access to the courts claim would be more properly raised in a complaint against individuals at the institution that lacked the tools. This is especially true because "a prisoner cannot invoke due-process safeguards to challenge his initial assignment to a corrections facility, or to question his transfer from one institution to another, whether intrastate or interstate." Caldwell v. Miller, 790 F.2d 589, 603 (7th Cir. 1986) (citation omitted). "This is true even when the change in facilities brings about significantly more restrictive conditions of confinement." Id. at 604. If the transfer itself does not implicate plaintiff's constitutional rights, the state defendants cannot be held responsible for claims that plaintiff asserts resulted from the transfer.

7

This reasoning also applies to plaintiff's claims that the state defendants are somehow responsible for any constitutional violation he suffers due to the medical care he receives or does not receive at his current institution. Although plaintiff once again states that he mailed letters to the state defendants regarding the medical care he was receiving, they were not personally involved in any constitutional violation. See Courtney, 2014 WL 7003784, at *2.

For the foregoing reasons, plaintiff may not proceed on any claims against the state defendants; they will be dismissed.

Next, I will consider the other motions plaintiff has filed. With his complaint, plaintiff filed a motion to waive certain rules of the court. Plaintiff asks the Clerk of Court to provide any required copies to defendants and to provide plaintiff with a file stamped copy of all documents in this case. He submits that he is unable to walk the more than 2,000 foot round trip to the legal library that is the location of the legal copier. Plaintiff also asks that all mail from the court be stamped "Legal Mail: Open in presence of the inmate only."

I will not direct the Clerk of Court to provide plaintiff with a file-stamped copy of each document he files; that would require copying, staff time, and return postage. Plaintiff must retain a copy of each document for himself, even if it is a handwritten facsimile. Plaintiff only needs to provide one copy of each document to the court, though. Defendants will receive service of plaintiff's filings via electronic case filing. It is unnecessary for the court to stamp mail "Legal Mail." It is obvious that correspondence with a return address of the United States District Court is legal mail.

Plaintiff also filed an emergency motion for preliminary injunction and a motion for temporary restraining order seeking immediate medical care outside the institution. The

state defendants cannot direct plaintiff's medical care at an institution run by the Federal Bureau of Prisons. Further, this court does not have jurisdiction over that prison or its employees. As I noted earlier, plaintiff has a <u>Bivens</u> action pending in the district court in Arizona regarding his medical care. It is in that case that injunctive relief, if warranted, would be granted.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to waive certain rules of the court (Docket #2) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Docket #5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction (Docket #6) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order (Docket #6) is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint submitted on August 25, 2014, is **STRICKEN**.

**IT IS FURTHER ORDERED** that the following defendants are **DISMISSED**: Gary Hamblin, Scott Walker, and J. B. Van Hollen.

**IT IS FURTHER ORDERED** that plaintiff is directed to file an amended complaint on or before **Thursday, April 30, 2015**. Failure to file an amended complaint by that date will result in dismissal of this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the court's § 1983 form complaint.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> United States District Court
> Office of the Clerk
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2015.


s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge